UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALVIN GEORGE, ET AL.,

        Plaintiffs,

Case No. 8:13-cv-484-T-24-TBM

v.

LEADING EDGE RECOVERY
SOLUTIONS, L.L.C.,

        Defendant.
_____/

## ORDER

This cause comes before the Court on Plaintiffs' Calvin George and Suzanne George Motion to Strike Defendants Affirmative Defenses. [Doc. 5]. Defendant Leading Edge Recovery Solutions, LLC opposes. [Doc. 8].

## I. BACKGROUND

Plaintiffs filed a two-count complaint in state court, alleging that Defendant used an automatic telephone dialing system to make debt collection calls to Plaintiffs' cellular telephone every day from November 2010 through April 2011. [Doc. 2 at ¶¶ 16-17]. Count I alleges a violation of the Florida Consumer Collection Practices Act, Florida Statutes § 559.72(18) ("FCCPA"), and seeks statutory damages, attorney's fees and costs. [*Id*. at ¶¶ 32-35]. Count II alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) ("TCPA"), and seeks statutory damages, actual damages, and costs. [*Id*. at ¶¶ 36-39].

Defendant removed the action to this Court and filed an answer and affirmative defenses. [Docs. 1, 4]. Plaintiffs filed this motion to strike Defendant's third, fourth, seventh, eighth, twelfth, thirteenth, and fourteenth affirmative defenses.

## II.     STANDARD

Federal Rule of Civil Procedure 12(f) provides that the Court may order that "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading. "An affirmative defense will only be stricken . . . if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotation omitted). An affirmative "defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Id.* "A motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Scelta v. Delicatessen Support Services, Inc.*, 57 F. Supp. 2d 1327, 1347 (M.D. Fla. 1999) (quotation omitted). "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher v. Trans World Airlines, Inc.*, 881 F. Supp. 574, 576 (M.D. Fla. 1995) (citation omitted).

Affirmative defenses must comply with the liberal pleading requirements of Rule 8(a). *See Hansen v. ABC Liquors, Inc.,* 2009 WL 3790447, at *1 (M.D. Fla. Nov. 9, 2009). This requires a defendant provide enough facts to give "fair notice" of the defense; it does not require detailed factual allegations. *Id*. at *1.

## III.    DISCUSSION

### A.     Middle District of Florida Local Rule 3.01(g)

Local Rule 3.01(g) requires that parties confer in good faith before filing motions. In the motion to strike, Plaintiffs' counsel "certifies that he attempted to confer with Defendant's Counsel . . . and Defendant's counsel was unavailable," and that he "shall expeditiously contact

Defendant's Counsel after filing and will supplement this certification in the event Defendant does not oppose the relief sought."

In its response motion, Defendant's counsel represents that Plaintiffs' counsel's assistant sent an email asking if Defendant opposed the relief sought and, before Defendant's counsel had a chance to respond, the motion to strike was filed hours later.  Defendant's counsel believes some of the issues raised by Plaintiffs' motion to strike potentially could have been avoided, as they were not disputed by Defendant.  Defendant's counsel also states that Plaintiffs' counsel never reached out to confer after filing the motion.

The purpose of Local Rule 3.01(g) is to require the parties to communicate and resolve certain disputes without court intervention.  Meaningful compliance with this rule may help the parties and the Court avoid spending the time and expense associated with resolving what is actually an undisputed issue. The Court will not use this violation as the basis for denying the motion but advises that Plaintiffs' counsel henceforth meaningfully adhere to Local Rule 3.01(g).

  **B.** **Third Affirmative Defense**

Defendants' third affirmative defense asserts a *bona fide* error defense under Florida Statutes § 559.77(3).  Plaintiffs contend this defense is legally insufficient because it contains conclusory, bare-bones allegations that fail to give Plaintiffs notice of the defense.  In this affirmative defense, Defendant asserts that any violation of the FCCPA "was unintentional and resulted in a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error." [Doc. 4 at ¶ 42].  These assertions are legally sufficient to place Plaintiffs on fair notice of the facts and grounds of the defense.  Plaintiffs' motion to strike the third affirmative defense is denied.

### C. Fourth Affirmative Defense

In its fourth affirmative defense, Defendant asserts that Plaintiffs' "claims are barred or diminished due to Plaintiffs' failure to mitigate damages." [Doc. 4 at ¶ 43]. Plaintiffs contend this defense is invalid as a matter of law because they have no duty to mitigate their damages. Acknowledging that courts have found that there is no duty to mitigate statutory damages, Defendant argues mitigation is relevant for actual damages.

The TCPA creates a private right of action to "recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater." 47 U.S.C. § 227(b)(3)(B). Although the cases cited by Plaintiffs hold that a TCPA plaintiff seeking $500 statutory damages has no duty to mitigate, Plaintiffs seek both statutory and actual damages. [Doc. 2 at 1, 8]. Plaintiffs provide no authority showing mitigation may not be a defense to a TCPA claim that seeks to recover actual damages. This defense is not clearly invalid as a matter of law and does not prejudice Plaintiffs. Plaintiffs' motion to strike the fourth affirmative defense is therefore denied.

### D. Seventh Affirmative Defense

In its seventh affirmative defense, Defendant asserts that "[a]lthough it is Plaintiffs' burden, to the extent Defendant is required to allege such as a defense, Plaintiffs' TCPA claim is barred to the extent that prior express consent was provided in connection with the alleged number called." [Doc. 4 at ¶ 46]. Plaintiffs move to strike the defense as legally invalid, arguing that it is Defendant's, not Plaintiffs', burden to prove prior express consent. Plaintiffs also contend this defense contains conclusory allegations that fail to allege sufficient facts.

The TCPA prohibits making "any call (other than a call . . . made with the prior express consent of the called party) using any automatic telephone dialing system . . . to any telephone

number assigned to a . . . cellular telephone[.]" 47 U.S.C. § 227(b)(1)(A)(iii). Further, the Federal Communications Commission ("FCC") issued a declaratory ruling, stating that "[s]hould a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent." *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C.R. 559, 565 (2008). Thus, Defendant's assertion that "Plaintiffs' TCPA claim is barred to the extent that prior express consent was provided in connection with the alleged number called" is a valid affirmative defense and the facts alleged are sufficient to provide Plaintiffs fair notice of what Defendant intends to prove. This defense is not invalidated as a matter of law by Defendant's belief that the FCC unlawfully shifted the burden of proof, and allowing the defense to remain does not prejudice Plaintiffs. Plaintiffs' motion to strike the seventh affirmative defense is denied.

E.  **Eighth Affirmative Defense**

In its eighth affirmative defense, Defendant asserts that a prior business relationship bars Plaintiffs' TCPA claim. [Doc. 4 at ¶ 47]. Plaintiffs contend this defense is invalid as a matter of law because the prior business relationship exemption only relates to calls to a residential line.

Defendant concedes that a prior business relationship only exempts calls made to residences. *See Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1320 (S.D. Fla. 2012) (citing *Meadows v. Franklin Collection Serv., Inc.,* 414 Fed. Appx. 230, 235 (11th Cir. 2011)). However, Defendant pled this defense in the event discovery reveals that Plaintiffs' telephone is a residential line.

At this stage, it cannot be said that Defendant can prove no set of facts to support its defense. This defense is valid and the allegations are sufficient to place Plaintiffs on fair notice

of the facts and grounds of the defense. Plaintiffs' motion to strike the eighth affirmative defense is therefore denied.

### F. Twelfth, Thirteenth, and Fourteenth Affirmative Defenses

Defendant's twelfth affirmative defense asserts that it "reserves the right to issue additional affirmative defenses which cannot be articulated at this time." [Doc. 4 at ¶ 51]. Defendant's thirteenth affirmative defense states that it has retained a law firm and is obligated to pay attorney's fees. [*Id*. at ¶ 52]. Defendant's fourteenth affirmative defense asserts that it entitled to the attorney's fees under the TCPA, FCCPA, and Florida Statutes § 57.105. [*Id*. at ¶ 53]. Plaintiffs move to strike these defenses as improperly pled.

Defendant concedes these are not true affirmative defenses but they were included to put Plaintiffs on notice—a fact that Plaintiffs would have known had their counsel meaningfully conferred with Defendant's counsel prior to filing their motion. While these defenses do not respond to the allegations of the complaint and are therefore inappropriate, Plaintiffs' motion to strike was also unnecessary as they cannot be prejudiced by those affirmative defenses. *See, e.g.*, *Dougan v. Armitage Plumbing, LLC*, 2011 WL 5983352, at *3 (M.D. Fla. Nov. 14, 2011). Plaintiffs' motion to strike the twelfth, thirteenth, and fourteenth affirmative defenses are therefore denied.

### IV. CONCLUSION

Plaintiffs' Motion to Strike Defendants Affirmative Defenses [Doc. 5] is **DENIED**.

**DONE** and **ORDERED** at Tampa, Florida, 18th day of July, 2013.

SUSAN C. BUCKLEW
United States District Judge

Copies to: All parties & Counsel of Record